1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEFFREY E. WALKER,                          No.  2:13-cv-1467 DAD P

12                    Plaintiff,

13         v.                                      ORDER

14    GREER et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19                              **28 U.S.C. § 1915(g)**

20         The federal in forma pauperis statute includes a limitation on the number of actions in

21   which a prisoner can proceed in forma pauperis.

22               In no event shall a prisoner bring a civil action or appeal a judgment
                 in a civil action or proceeding under [§ 1915] if the prisoner has, on
23               3 or more prior occasions, while incarcerated or detained in any
                 facility, brought an action or appeal in a court of the United States
24               that was dismissed on the grounds that it is frivolous, malicious, or
                 fails to state a claim upon which relief may be granted, unless the
25               prisoner is under imminent danger of serious physical injury.

26   28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases

27   dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

28   prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

1

1    For purposes of § 1915(g), the court must determine whether plaintiff has, on three or

2    more occasions prior to the filing of this new action, brought a civil action or appeal that was

3    dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which

4    relief could be granted.  Where a court denies a prisoner's application to file an action without

5    prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to

6    state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes

7    of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

8                                                    **DISCUSSION**

9    Here, plaintiff suffered his first strike for purposes of § 1915(g) on March 14, 2008, when

10   the United States District Court for the Northern District of California dismissed Walker v. San

11   Francisco County Jail, Case No. 3:08-cv-01264 CRB (N.D. Cal.) for failure to state a claim.

12   Plaintiff suffered his second strike on the same day, when the Northern District dismissed Walker

13   v. Doe, Case No. 3:08-cv-1265 CRB (N.D. Cal.) for failure to state a claim.  Finally, plaintiff

14   suffered his third strike on August 6, 2009, when the Northern District dismissed Walker v.

15   Gradillas, Case No. 3:09-cv-02845 CRB (N.D. Cal.) for failure to state a claim.

16   There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use

17   in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is

18   under imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047,

19   1056-57 (9th Cir. 2007).  In his complaint now before this court, plaintiff alleges only that

20   defendants have unnecessarily stopped and searched him in retaliation for a previous lawsuit he

21   filed against defendant Greer.  Plaintiff further alleges that defendant Greer has encouraged

22   clinicians to say that they feel threatened by plaintiff's presence so that prison officials will

23   transfer plaintiff to another institution.  (Compl. at  5-11.)  Plaintiff has not alleged that he was

24   "under imminent danger of serious physical injury" when he filed this action.  Accordingly, the

25   imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff in connection

26   with this action.

27   /////

28   /////

1

**CONCLUSION**

2       Accordingly, IT IS HEREBY ORDERED that:

3       1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is denied; and

4       2.  Within fourteen days of the date of service of this order, plaintiff shall pay the filing

5  fee for this action ($400.00).  Failure to pay the filing fee as ordered will result in dismissal of this

6  action without prejudice.

7  Dated:  February 11, 2014

8

9                                    DALE A. DROZD
10                                   UNITED STATES MAGISTRATE JUDGE

11  DAD:9
    walk1467.56
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28